[Cite as *State v. Blosser*, 2025-Ohio-4657.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2025-0014 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2023-0150 |
| WILLIAM BLOSSER, JR., | |
| Defendant – Appellant | Judgment: Affirmed |
| | Date of Judgment Entry: October 7, 2025 |

**BEFORE:** William B. Hoffman; Andrew J. King; Robert G. Montgomery, Judges

**APPEARANCES:** JOSEPH A. PALMER, for Plaintiff-Appellee; WILLIAM BLOSSER, JR., Pro Se, Defendant-Appellant.

*Montgomery, J.*

## STATEMENT OF THE FACTS AND THE CASE

{¶1} William Blosser, Jr. (hereinafter "Blosser") was indicted in the Muskingum County Court of Common Pleas on March 8, 2023, on the following counts:

Count 1: Aggravated Vehicular Homicide, R.C. 2903.06(A)(1)(a), R.C. 2903.06(B)(2)(a), F2;

Count 2: Aggravated Vehicular Homicide, R.C. 2903.06(A)(2)(a), R.C. 2903.06(B)(3), F3;

Count 3: Aggravated Vehicular Assault, R.C. 2903.08(A)(1)(a), R.C. 2903.08 (B)(1), F3;

Count 4: Vehicular Assault, R.C. 2903.08(A)(2)(b), R.C. 2903.08(C)(2), F4;

Count 5: Operating a Vehicle Under the Influence of Alcohol, a Drug of Abuse or a Combination of Them – OVI, R.C. 4511.19(A)(1)(a), R.C. 4511.19(G)(1)(a), M1;

Count 6: Operating a Vehicle While Under the Influence of a Listed Controlled Substance or a Listed Metabolite of a Controlled Substance – OVI, R.C. 4511.19(A)(1)(j)(ix), R.C. 4511.19(G)(1)(a), M1; and

Count 7: Operating a Vehicle While the Influence of a Listed Controlled Substance or a Listed Metabolite of a Controlled Substance – OVI, R.C. 4511.19(A)(1)(j)(viii)(I), R.C. 4511.19(G)(1)(a), MI.

**{¶2}** Blosser was arraigned on March 29, 2023, and entered a plea of not guilty to each count contained in the indictment.

**{¶3}** Blosser signed a Plea of Guilty entry that was filed with the trial court on June 5, 2023. Pursuant to the entry, Blosser entered pleas of guilty to Amended Count One, Aggravated Vehicular Homicide, R.C. 2903.06(A)(2)(a) and Amended Count Three, Aggravated Vehicular Assault, R.C. 2903.08(A)(2)(b).

**{¶4}** Counts two, four, five, six and seven were dismissed by Order Granting Motion to Dismiss filed with the trial court on July 27, 2023.

**{¶5}** Blosser was sentenced on July 19, 2023, and the trial court entered the following sentence:

Amended Count One: a stated mandatory minimum prison term of six (6) years; an indefinite prison term of nine (9) years;

Amended Count Three: a stated mandatory prison term of four (4) years.

**{¶6}** The trial court ordered the sentences to be served consecutively to one another for an aggregate mandatory minimum prison term of ten (10) years and an indefinite prison term of thirteen (13) years. *7/27/23 Entry*, p. 2.

**{¶7}** Blosser filed a Motion to Withdrawal [sic] Plea Agreement on September 3, 2024.

**{¶8}** The State of Ohio filed a Memorandum in Opposition to Blosser's Motion to Withdraw his Guilty Plea on September 20, 2024.

**{¶9}** The trial court issued a Denial Entry on September 23, 2024, finding that, "Blosser's motion to withdraw his guilty plea, this Court finds it without merit."

**{¶10}** Blosser filed a Motion to Dismiss with the trial court on December 2, 2024.

**{¶11}** The trial court issued a Judgment Entry on January 14, 2025, finding that, "After consideration, said Motion is Denied."

**{¶12}** Blosser filed a Notice of Appeal on February 10, 2025, to the trial court's Judgment Entry filed on January 14, 2025.

**{¶13}** Blosser asserts two assignments of error:

**{¶14}** "I. INEFFECTIVE ASSISTANCE OF COUNSEL, HAVING THE DEFENDANT ENTER INTO A PLEA THAT WAS UNKNOWINGLY, UNINTELLIGENT AND INVOLUNTARILY ENTERED."

**{¶15}** "II. APPELLET [SIC] WAS DENIED IMPROPERDUE [SIC] PROCESS OF LAW WERE [SIC] THE TRIAL COURT REFUSED TO ACCEPT THE OFFICIAL RECORD OF THE OBMV WHICH DISPUTED THE EMHANCEMENT [SIC] OF A HARSHER SENTENCE."

**STANDARD OF REVIEW**

**{¶16}** This Court will review the trial court's decision to deny Blosser's Motion to Dismiss under an abuse of discretion standard.

**{¶17}** The Ohio Supreme Court defined abuse of discretion as, "an unreasonable, arbitrary, or unconscionable use of discretion" or a view or action that no conscientious judge could honestly have taken." *State v. Brady*, 2008-Ohio-4493, ¶ 23.

**{¶18}** Abuse of discretion is defined as more than an error of law, but a decision that is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

**ANALYSIS**

**{¶19}** Blosser's first assignment of error alleges that his counsel at the change of plea hearing was ineffective.

**{¶20}** A change of plea hearing was held on June 5, 2023, and the trial court filed an Entry on June 6, 2023. The trial court found Blosser guilty of Aggravated Vehicular Homicide in violation of R.C. 2903.06(A)(2) and Aggravated Vehicular Assault in violation of R.C. 2903.08(A)(2)(b*). Entry*, pp. 1 and 2.

**{¶21}** It is noted by this Court that Blosser did not appeal the trial court's decision.

**{¶22}** The decision that Blosser is appealing is the trial court's Judgment Entry that denied his Motion to Dismiss filed on December 2, 2024.

**{¶23}** Blosser is attempting to use his appeal to the trial court's January 14, 2025, decision to appeal the trial court's June 6, 2023, Entry.

{¶24} Blosser does not contend that his counsel for his December 2, 2024, filing was ineffective but attempts to assert ineffective assistance of counsel during his change of plea hearing.

{¶25} Blosser filed this appeal more than 18 months after the trial court's June 25, 2023, Entry. In accordance with App.R. 4(A), a notice of appeal to a final entry shall be filed within 30 days.

{¶26} Blosser's appeal is not timely and this Court overrules his first assignment of error.

{¶27} Blosser's second assignment of error alleges that his constitutional rights were violated because the trial court refused to accept the official record of the Ohio Bureau of Motor Vehicles (hereinafter "BMV"). *Appellant Brief*, p. 8.

{¶28} Blosser is appealing the trial court's denial of the Motion to Dismiss he filed on December 2, 2024.

{¶29} Blosser's Motion to Dismiss alleges that his case is "void ab inito [sic], the official record of the Ohio Bureau Motor Vehicle in Exhibit A, will show on the date of the accident that Defendant was not under any suspension of the Defendant's Ohio Driver License, and thus the charging indictment and conviction for violating the seriousness of R.C. § 2903.06 and § 2903.08 should be lesser of the sentence that was imposed upon the defendant as it pertains to Exhibit A and the date of the occurrence of the accident."

{¶30} "The Defendant William Blosser Jr. prays that this Honorable Court correct the conviction and sentence which is reflected in the record from the official BMV report which shows the enhanced sentence must be vacated so as to correct the manifest injustice of a harsher sentence if it is predicated on driving under suspension." *Id.*, p. 2.

**{¶31}** Blosser attached his Driving Record History from the Ohio BMV to his Motion to Dismiss. However, the document from the BMV was not authenticated and did not prove that Blosser had a valid driver's license.

**{¶32}** Blosser failed to raise the issue of his driving record in a timely manner on direct appeal.

**{¶33}** Blosser is attempting to file a collateral attack on his sentence through an appeal to this Court.

**{¶34}** Blosser failed to file a timely appeal to the trial court's June 5, 2023, Entry and failed to file a collateral attack to his sentence, therefore his second assignment of error is overruled.

## CONCLUSION

**{¶35}** This Court finds that the trial court did not abuse its discretion in denying Blosser's Motion to Dismiss filed on December 2, 2024.

**{¶36}** Therefore, this Court hereby affirms the trial court's Journal Entry filed on January 14, 2025.

**{¶37}** Costs to Appellant.

By: Montgomery, J.

Hoffman, P.J. and

King, J. concur.